UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEI CHUAN CAO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THERESE A. KELLY, and DOES 1-10,<br><br>　　　　Defendants. | No. 2:16-cv-00921-GEB-AC<br><br>***SUA SPONTE* REMAND ORDER**[*] |

On May 2, 2016, Defendant Therese Kelly filed a Notice of Removal removing this unlawful detainer case from the Superior Court of California for the County of San Joaquin. (Notice of Removal ("NOR"), ECF No. 1.) For the following reasons, the Court *sua sponte* remands this case to the court from which it was removed for lack of removal subject matter jurisdiction.

"There is a 'strong presumption against removal jurisdiction,' and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Defendant asserts in the Notice of Removal ("NOR") that removal is premised both on federal question and diversity

---

[*] The undersigned judge revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case.

1

removal jurisdiction. (NOR ¶ 5.) Defendant has not established diversity jurisdiction in his removal notice and Defendant indicates in a conclusory manner that the basis of federal question jurisdiction exists because "[t]he purchase and sell of securities involved . . . [removant's] federally related mortgage." (Id. ¶ 9.)

However, review of the complaint reveals Plaintiff alleges a single unlawful detainer claim under California law. Therefore, Defendant has not shown the existence of removal subject matter jurisdiction.

For the stated reasons, this case is remanded to the Superior Court of California for the County of San Joaquin.

DATED: May 3, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2